MARTY K. COURSON, ESQ (SBN No. 178031)
LAW OFFICE OF MARTY K. COURSON
582 Market Street, Suite 412
San Francisco, California 94104
Telephone: 415/433-3100
Facsimile: 415/433-3101

Attorney for Debtors

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>ERMEIN SJAM and CLAUDIA SJAM,<br><br>    Debtors. | Case No. 09-30347 DM13<br><br>Chapter 13<br><br>NO HEARING DATE SET<br><br>**Tentative Initial Hearing Date (to be held only upon timely filing of objection):**<br>July 15, 2009 at 3:00 p.m.<br>235 Pine St<br>San Francisco, CA<br>Courtroom 22<br>Judge: HON. DENNIS MONTALI |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO VALUE SECURITY UNDER FRBP 3012 AND TO AVOID LIEN RELATED TO CLAIM OF 1045 SOUTH VAN NESS AVENUE HOMEOWNER'S ASSOCIATION, INC.**

### I. Introduction

Debtors ERMEIN SJAM and CLAUDIA SJAM have moved the court, pursuant to Fed. R. Bankr. P. 3012, to determine the value of the residential real property commonly known as 1045 South Van Ness Avenue #102, San Francisco, CA 94110 (the "Real Property") at $416,000, and for a determination that the lien and related claim of 1045

MPA ISO MOT. TO VALUE SECURITY UNDER FRBP 3012 AND TO AVOID LIEN RELATED TO CLAIM OF 1045 SOUTH VAN NESS AVENUE HOA, INC.

Case: 09-30347    Doc# 48    Filed: 06/23/09    Entered: 06/23/09 12:41:46    Page 1 of 4

South Van Ness Avenue Homeowner's Association, Inc. ("HOA") is entirely unsecured. Because the value of the real property is less than other superior lien interests, the Lien of the HOA may not be enforced pursuant to 11 U.S.C. § 506, 1322(b)(2) and 1327. As a result, Debtors have further moved the court that upon entry of a discharge in Debtors' chapter 13 case, the Lien of the HOA shall be voided for all purposes.

Debtors' motion is made pursuant to the "Guidelines For Valuing And Avoiding Liens In Individual Chapter 11 Cases And Chapter 13 Cases" (the "Lien Avoidance Guidelines") as published by the court and available on the court's website (http://www.canb.uscourts.gov/announcements/guidelines-valuing-and-avoiding-liens-individual-chapter-11-cases-and-chapter-13-cases),

**II.     Facts**

Debtors ERMEIN SJAM and CLAUDIA SJAM commenced their chapter 13 bankruptcy case by filing a voluntary petition on February 12, 2009.

The Real Property that is the subject of this motion consists of a condominium located in the heart of the Mission District of San Francisco. Decl. of Debtor Ermein Sjam, ¶ 3. After making reasonable inquiry, Debtors have concluded that the present fair market value of the Real Property is $416,000, slightly higher than the $400,000 estimate at the time of the filing of the bankruptcy case. Sjam Decl., ¶¶ 4-5.

The HOA filed a claim in this case on June 8, 2009 as a secured claim in the amount of $16,040.57. Request for Judicial Notice ("RJN"), Ex. 1. The HOA had recorded against the Real Property a "Notice of Delinquent Assessment (Lien)" on October 10, 2007 (the "HOA Lien"). RJN, Ex. 2. It is this HOA Lien upon which the HOA claims a secured interest.

There are two liens and related claims, both of which are superior in time and senior to the HOA Lien:

The first is the lien related to the claim of Resurgent Capital Services, LP. ("Resurgent"). The amount of the secured claim of Resurgent is $7,047.53 and the underlying "Deed of Trust and Assignment of Rents" which constitutes a first position on the Real Property was recorded on October 30, 2001. RJN, Exs. 3 & 4.

MPA ISO MOT. TO VALUE SECURITY UNDER FRBP 3012 AND TO AVOID LIEN RELATED TO CLAIM OF 1045 SOUTH VAN NESS AVENUE HOA, INC.

Case: 09-30347    Doc# 48    Filed: 06/23/09    Entered: 06/23/09 12:41:46    Page 2 of 4

The second is the lien related to the claim of Indymac Federal Bank, FSB ("Indymac"). The amount of the secured claim of Indymac is $442,716.96 as set forth on its proof of claim. RJN, Ex. 5. Indymac's "Deed of Trust" which was recorded after Resurgent's and thus constitutes a second position on the Real Property was recorded on November 18, 2004. RJN, Ex. 6.

The total values of the two superior liens are about $449,764.49 and exceed the reasonable fair market value of the Real Property. As a result, the HOA Lien is entirely unsecured.

**III.     Argument**

F.R. Bankr. P. 3012 provides:

> The court may determine the value of a claim secured by a lien on property in which the estate has an interest on motion of any party in interest and after a hearing on notice to the holder of the secured claim and any other entity as the court may direct.

A wholly unsecured lienholder is not entitled to the "anti-modification" protections of 11 U.S.C. § 1322(b)(2). Zimmer v. PSB Lending Corp. (In re Zimmer), 313 F.3d 1220 (9th Cir. 2002).

11 U.S.C. § 506 provides, in pertinent part:

> (a) (1) An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.
> . . . .
> (d) To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void, unless—
> (1) such claim was disallowed only under section 502 (b)(5) or 502 (e) of this title; or
> (2) such claim is not an allowed secured claim due only to the failure of any entity to file a proof of such claim under section 501 of this title.

MPA ISO MOT. TO VALUE SECURITY UNDER FRBP 3012 AND TO AVOID LIEN RELATED TO CLAIM OF 1045 SOUTH VAN NESS AVENUE HOA, INC.

Case: 09-30347     Doc# 48     Filed: 06/23/09     Entered: 06/23/09 12:41:46     Page 3 of 4

The HOA is not the holder of a "secured claim" because no claims exist against any value in the Real Property after the interests of Resurgent and Indymac (the first and second lienholders). As a result, the secured claim of the HOA is valued at zero and debtors are entitled to an order that the lien is void and the claim of the HOA is entirely unsecured.

### IV. Conclusion

Because the HOA Lien is entirely unsecured, Debtors are entitled to an order that the HOA Lien is valued at zero for purposes of this bankruptcy case and that the lien may not be enforced and that the HOA does not have a secured claim. As set forth in the Appendix A to the Lien Avoidance Guidelines, debtors pray for entry of an order which, in pertinent part, provides:

> (1) For purposes of Debtor's chapter 13 plan only, the Lien is valued at zero, 1045 South Van Ness Avenue Homeowner's Association, Inc. does not have a secured claim, and the Lien may not be enforced, pursuant to 11 U.S.C. §§ 506, 1322 (b)(2) and 1327.
> (2) This order shall become part of Debtor's confirmed chapter 13 plan.
> (3) Upon entry of a discharge in Debtor's chapter 13 case, the Lien shall be voided for all purposes, and upon application by Debtor, the court will enter an appropriate form of judgment voiding the Lien.
> (4) If Debtor's chapter 13 case is dismissed or converted to one under another chapter before Debtor obtains a discharge, this order shall cease to be effective and the Lien shall be retained to the extent recognized by applicable nonbankruptcy law, and upon application by the lienholder, the court will enter an appropriate form of order restoring the Lien.
> (5) Except as provided by separate, subsequent order of this court, the Lien may not be enforced so long as this order remains in effect.

Respectfully submitted,

Dated: June 23, 2009

*/s/Marty K. Courson*
MARTY K. COURSON (SBN 178031)
Attorney for Debtors

MPA ISO MOT. TO VALUE SECURITY UNDER FRBP 3012 AND TO AVOID LIEN RELATED TO CLAIM OF 1045 SOUTH VAN NESS AVENUE HOA, INC.

Case: 09-30347   Doc# 48   Filed: 06/23/09   Entered: 06/23/09 12:41:46   Page 4 of 4